UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLINTON RUDY MAGNUS,<br><br>Defendant. | 4:18-CR-40117-02-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Clinton Rudy Magnus, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 265. Plaintiff, the United States of America, opposes the motion. Docket 275. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

On June 17, 2019, Magnus pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 160, 175. On September 9, 2019, the court sentenced Magnus to 132 months in custody followed by 5 years of supervised release. Docket 211 at 2; Docket 213 at 2-3. The court later reduced Magnus's sentence to 66 months in custody followed by 5 years of supervised release. Docket 262 at 2-3.

Magnus is incarcerated at Federal Correctional Institution Greenville (FCI Greenville) in Greenville, Illinois. Docket 268 at 257. As of January 20, 2020, there are currently 95 active COVID-19 cases among FCI Greenville's inmates and staff, 0 deaths from COVID-19, and 741 inmates and staff have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons,

https://www.bop.gov/coronavirus/ (last visited on Jan. 20, 2020).

Magnus is 40 years old. Docket 268 at 258. Magnus claims he suffers from a thyroid condition. Docket 265 at 1.

On May 19, 2020, Magnus completed an Inmate Request to Staff form, requesting that he be considered for compassionate release due to COVID-19 and family circumstances. Docket 266 at 1-2. On October 13, 2020, Magnus filed a pro se motion with the court for relief under the First Step Act. Docket 265.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. Pub. L. No. 115-391, § 603(b)(1). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i).

Such a reduction in sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and applicable policy statements issued by the Sentencing Commission. *Id.* The Sentencing Commission's policy statement for a reduction in sentence, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

§ 3142(g)." USSG § 1B1.13 (Nov. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Magnus argues that the risk posed by the global COVID-19 pandemic, together with his adverse health conditions and family circumstances, satisfy the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 265 at 1.

## I. Administrative Exhaustion

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Magnus argues that he exhausted his administrative remedies. Docket 265. Magnus attached a copy of an Inmate Request to Staff form dated May 19, 2020, where he requested compassionate release. Docket 266 at 1-2. The United States argues that Magnus's request was not received by the warden and therefore the requirement has not been met. Docket 275 at 3. It is unnecessary to resolve this dispute, because even if the administrative exhaustion requirement has been met, Magnus is not eligible for compassionate release under the "extraordinary and compelling reasons"

3

provision.

## II.     Extraordinary and Compelling Reasons

Congress did not define what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Rather, the Sentencing Commission was directed to describe extraordinary and compelling reasons for a sentence reduction and provide the criteria to be applied and list specific examples. *See* 28 U.S.C. § 994(t). In doing so, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. USSG § 1B1.13 comment. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons (BOP). *Id.* § 1B1.13 comment. n.1(D).

After the FSA was passed amending section 3582(c)(1)(A), the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that

4

was in existence prior to the passage of the FSA still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020).

It is clear that Congress intended to increase the use of compassionate release by allowing defendants to directly file such motions with the district court after exhausting administrative remedies, rather than allowing only the BOP to file such motions. *See* Pub. L. 115-391, § 603(b)(1), 132 Stat. at 5239. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). The uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming the court's authority to grant compassionate release motions brought under the FSA is at least as broad as the outdated policy statements, Magnus has failed to show that his medical conditions and family circumstances rise to extraordinary and compelling reasons.

5

Magnus contends that his circumstances warrant compassionate release under 18 U.S.C. § 3852(c)(1)(A). Magnus argues that his thyroid condition puts him at high-risk of severe illness if he contracts COVID-19. Docket 265 at 1. Magnus did not articulate which category his circumstances fall under within the extraordinary and compelling reasons provision. Thus, the court will analyze his circumstances under the medical conditions category, USSG § 1B1.13 Application Note 1(A), the family circumstances category, USSG § 1B1.13 Application Note 1(C), and the catch-all provision, USSG § 1B1.13 Application Note 1(D).

### A. Medical Conditions Category, Note 1(A)

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. The Centers for Disease Control & Prevention ("CDC") has identified the following conditions as ones that *do* pose an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), smoking, heart conditions, sickle cell disease, and Type II diabetes. *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Nov. 2, 2020). The CDC advises that other medical conditions *may* pose an increased risk of severe illness from COVID-19, including, moderate to severe asthma, cystic fibrosis, hypertension or high blood pressure, liver disease, overweight, type 1 diabetes, and several others. *Id.*

The court has reviewed the medical records submitted in this case.

6

Magnus's medical conditions include a thyroid condition, mononeuropathy of the lower limb, and low back pain. Docket 268 at 255. These conditions are not ones recognized as increasing or potentially increasing the risk of severe illness from COVID-19. Magnus is prescribed medication for his thyroid condition and is prescribed ibuprofen for his lower back pain. *Id.* at 101, 149, 197. These conditions appear to be stable and under control. Additionally, Magnus has not identified how these conditions prevent him from providing self-care in the correctional facility setting or how they amount to extraordinary and compelling circumstances.

The court believes that Magnus's medical conditions are appropriately managed at FCI Greenville, that the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19, and that it would act to treat any inmate who does contract COVID-19. The court does not discount Magnus's health concerns. But his medical conditions coupled with the present conditions at FCI Greenville do not establish extraordinary and compelling reasons justifying his early release.

### B. Family Circumstances Category, Note 1(C)

Magnus advises the court that his daughter is allegedly sexually involved with her mother's boyfriend warranting his early release from custody. Docket 265; *see also* Docket 266. To justify compassionate release under the family circumstances category, the defendant must demonstrate one of the following: (1) the death or incapacitation of the caregiver of the defendant's minor children or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the

7

spouse or registered partner. USSG § 1B1.13, comment. n. 1(C). No evidence has been submitted to substantiate these claims beyond Magnus's assertions. Nor is such a circumstance consistent with Note 1(C). *See id.* Though the court is not unsympathetic, Magnus does not qualify for release under the family circumstances category for the requested reasons.

### C. Catch-all Category, Note 1(D)

The catch-all category in Note 1(D) does not result in a different outcome. The catch-all category allows for release if there are extraordinary and compelling reasons other than, or in combination with, those identified in notes 1(A) through 1(C). USSG § 1B1.13, comment. n.1(D). Taken together, Magnus's medical conditions and alleged family circumstance do not convince the court that extraordinary and compelling reasons exist to release Magnus from custody early.

### III.  Sentencing Factors of § 3553(a)

The court further concludes the sentencing factors in § 3553(a) do not weigh in favor of a reduction. Magnus pleaded guilty to conspiracy to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1) and 846. Magnus held an active role as a co-conspirator. Docket 200 ¶¶ 16, 25, 27. Magnus participated in numerous drug exchanges. *Id.* ¶¶ 8-10. Magnus's total offense level was 31 and his criminal history category was IV. *Id.* ¶¶ 43, 65. The resulting guideline range was 151 to 188 months imprisonment. *Id.* ¶ 88. The offense had a mandatory minimum sentence of 120 months in custody. *Id.* ¶ 87. The court sentenced Magnus within his guideline range. Docket 213 at 2. Additionally, the court recently reduced Magnus's sentence. Docket 262. Magnus's current

8

sentence of 66 months is already less than the offense's mandatory minimum of 120 months. Therefore, the court finds that Magnus's sentence of 66 months in custody with 5 years of supervised release continues to be appropriate for the seriousness of the crime to which he pleaded guilty.

## CONCLUSION

Magnus has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 265) is denied.

Dated January 20, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE